IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN HARDTKE,

        Plaintiff,

  and

GENERAL CASUALTY COMPANY OF WISCONSIN,

        Involuntary Plaintiff,

  v.

JLG INDUSTRIES, INC. and ABC INSURANCE CO.,

        Defendants.

ORDER

15-cv-719-slc

---

    Plaintiff John Hardtke has brought claims against defendants JLG Industries, Inc. and ABC Insurance Co. under Wisconsin law for negligence and defective design of a parking break switch on the SkyTrak®10054 Telehandler related to injuries he sustained after the parking break on the telehandler disengaged.[1]  Now before the court is Hardtke's motion to compel JLG to provide complete responses to his First Set of Interrogatories and Request for Production of Documents that he served on JLG on January 22, 2016.  Dkt. 13.

    Specifically, Hardtke seeks an order requiring JLG to supplement its responses to Interrogatory Nos. 2, 5-7, 9- 11 and 13-15 and Request Nos. 1-7, 9-12, 14, 15 and 17, which all relate to the parking break system on the telehandler.  *See* JLG Resp. To Interrogs. & Req. for Prod. of Docs., dkt. 15, exh. 1.  Hardtke also asks the court to amend the scheduling order to extend his May 27, 2016 deadline for disclosing expert witnesses until 45 days after JLG files its responses.  JLG raises a few different objections to the discovery requests, but its primary complaint is that Hardtke's requests are overly broad because they ask about all components and aspects of the parking break system, whereas Hardtke's claims focus on the design of the toggle

---

[1] Hardtke alleges that he inadvertently disengaged the parking break as he was exiting the telehandler and sustained injuries when the telehandler rolled backwards over him while he was trying to reset the break.

switch. Dkt. 18. JLG also requests that the court order Hardtke to pay the expenses it incurred in opposing the motion. Dkt. 18.

Having reviewed the parties' submissions, I conclude that many of Hardtke's requests are overly broad and I will limit them to the parking break switch that he accuses of being defective. Because JLG has not provided a response to some of the discovery requests with respect to the toggle switch design, I will order it to do so by **June 17, 2016**. I will grant a short extension of the deadlines for the parties' disclosure of experts and require that Hardtke disclose his experts by July 15, 2015; JLG will have until September 16, 2016 to file its responsive disclosures. JLG's request for reimbursement of expenses will be denied.

## I. Discovery Related to Parking Break System

JLG objects to **Interrogatory Nos. 5-7, 10-11 and 13-14 and Request Nos. 1-7, 10-12, 14-15 and 17** on the grounds that they are overly broad because Hardtke is seeking information related to the potential failure of the parking brake as a whole and not the allegedly faulty design of the break's toggle switch. For example, Interrogatory No. 5 asks about the date on which the parking break *system* was designed, Interrogatory No. 6 asks about individuals involved in the design of the *system*, Interrogatory No. 7 asks about all changes made to the design of the *system* before or after the incident, and the requests for production of documents seek items such as policies, drawings, test results, and communications related to the safety and design of the break system as a whole.

Hardtke argues that he is not required to limit his case to only one particular theory. However, Hardtke's complaint alleges that the design of the parking break is defective because it has only a simple toggle switch in which the up position disengages the break, there is no protective cover over the switch, and the switch is located in the upper left corner of the

2

dashboard where the operator can hit it accidentally when exiting the telehandler. *See* dkt. 1 at ¶¶ 5, 8, 11 and 18. Hardtke has not alleged any facts in his complaint or in any subsequent filings indicating that there is any defect in the parking break itself or that any other component apart from the toggle switch contributed to the accident. Without more, Hardtke's vague assertions of "other theories" are nothing more than speculation and do not justify the burden that his broad discovery requests would place on JLG. *See Davis v. G.N. Mortgage Corp.*, 396 F.3d 869, 885 (7th Cir. 2005) (additional discovery requests "based on nothing more than mere speculation and would amount to a fishing expedition"); *United States v. Westmoreland*, 122 F.3d 431, 434 (7th Cir. 1997) ("In the absence of any evidence that would be probative of selective prosecution, the district court did not err in refusing to grant discovery. Westmoreland is not entitled to go on a fishing expedition."); *Todd by Todd v. Merrell Dow Pharmaceuticals, Inc.*, 942 F.2d 1173, 1178 (7th Cir. 1991) ("Todd's speculation that Merrell Dow must possess unspecified additional information is not sufficient grounds to embark upon a virtually boundless fishing expedition."); *United States v. Bob Stofer Oldsmobile–Cadillac, Inc.*, 766 F.2d 1147, 1153 (7th Cir. 1985) (additional discovery not warranted where party made only "vague assertions" that further discovery would develop genuine issues of material fact).

Accordingly, I am limiting the scope of Hardtke's discovery requests to the design and operation of the toggle switch that he accuses in his complaint. Because it appears that JLG objected to most of the discovery requests identified above as overly broad and did not provide any response with respect to the toggle switch, I will order it to supplement its responses solely with respect to this specific design feature. In other words, although JLG does not have to include information relevant to all aspects of the parking break system, it must provide the information that Hardtke seeks with respect to the parking break switch.

3

A few of JLG's responses to specific interrogatories merit mention.  **Interrogatory No. 10** asks JLG to identify any notices or complaints that it received regarding parking break system; corresponding **Request Nos. 10-11** seek all documents and communications related to complaints or concerns with the break system; and **Interrogatory No. 11** asks that if JLG's answer to Interrogatory No. 10 is none, it detail the steps it took to answer the question.  JLG responded that it was not aware of anyone else complaining that the parking brake disengaged on a similar model telehandler and the telehandler running them over.  Although I agree that JLG need not identify every complaint or problem with the break system as a whole, it must respond to Interrogatory Nos. 10-11 and Request Nos. 10-11 with respect to any complaints about or relating to the parking break switch (including its location or function) and not narrow its focus to instances in which the parking break disengaged and resulted in the telehandler running someone over.

**Interrogatory No. 14** and corresponding **Request No. 15** ask about any claims made against JLG for personal injuries arising out of use of the type of telehandler at issue in this case.  JLG objects to the broad scope of the requests because it requires them to identify any accident involving any part of the telehandler.  As with the above requests, JLG must identify any claims involving disengagement or malfunction of the parking break switch and not limit its response to claims with facts identical to the ones in this case.

## II. Other Objections to Discovery

### A. Work Product

**Interrogatory No. 2** asks for the identity of any individuals involved in the investigation of the accident.  JLG identified the engineer who inspected the telehandler after the accident and stated that any other investigation was performed at the direction of its attorneys in anticipation

of litigation and therefore constitutes attorney work product protected from discovery. Hardtke states that he is seeking only the identity of the individuals who investigated the accident and not the mental impressions or legal strategies developed by defense counsel.

I agree with Hardtke that the identities of the investigators is not privileged; *whom* defense counsel chooses to hire as investigators is not attorney work product and does not reveal any of legal strategy or thought processes. However, as JLG notes, *what* the investigators uncovered and what they reported presumably would be privileged. Although I doubt that the identity of the investigators is likely to be helpful to Hardtke, it is not attorney work product and therefore is discoverable.

### B. Evidence of Alternative Design

**Interrogatory No. 9** asks JLG to identify all of the telehandler forklift trucks manufactured and sold under the JLG name in the past five years, and corresponding **Request No. 9** seeks copies of the manuals for the trucks identified in response to the interrogatory. Hardtke explains that he needs this information to help identify other alternative designs for the parking break, which is a required element of a defective design claim under Wisconsin law. *See* Wis. Stat. § 895.047 ("A product is defective in design if the foreseeable risks of harm posed by the product could have been reduced or avoided by the adoption of a reasonable alternative design by the manufacturer and the omission of the alternative design renders the product not reasonably safe."). *See also Morden v. Continental AG*, 235 Wis. 2d 325, 359, 611 N.W.2d 659 (2000) ("[S]tate of the art (what the industry feasibly could have done) at the time of the design or manufacture is relevant to [but not conclusive of] the jury's determination of negligence."). JLG does not believe that it should be burdened with the task of researching and producing the model and serial numbers and sales information related to these products to help Hardtke prove

his claim. However, JLG does not explain why it would be burdensome for it to conduct a search with these limited parameters. *Gray v. U.S. Steel Corp.*, 284 F.R.D. 393, 396 (N.D. Ind. 2012) (internal citations omitted) (noting district courts place burden on objecting party to show why particular discovery request is improper and caution that burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence"). Because Hardtke's request is directly related to an element of one of his claims, is limited in time and is likely to lead to the discovery of relevant evidence (i.e., a possible alternative design for the break switch), I will order JLG to respond to the interrogatory and request for production of documents.

### C. Persons Responding to Discovery Requests

**Interrogatory No. 15** asks JLG to identify all persons who assisted in answering the interrogatories and requests for production of documents. JLG appears to have answered this question by producing a verification signed by Brent Hoover along with its response to the motion to compel. *See* dkt. 19, exh. C.

### III. Motion to Amend Pretrial Conference Order

Although the court's exasperation with how Hardtke approached this entire matter is unabated, it would be disproportionately harsh sanction to keep his expert disclosure deadline in place, since this would foreclose experts entirely. To allow time for JLG to supplement its response to Hardtke's discovery requests, I am amending the preliminary pretrial conference order, dkt. 9, to revise the deadlines for the disclosure of experts as follows: Hardtke will have until July 15, 2016 and JLG will have until September 16, 2016 to comply with the

requirements of Fed. R. Civ. P. 26(a)(2). Even though this leaves only one week between the deadline for disclosure of JLG's experts and the deadline for dispositive motions (which are due on September 23, 2016), the remaining pretrial deadlines and trial date remain firm. If JLG chooses to file a dispositive motion, Hardtke will have almost a month to digest JLG's experts' reports and conduct additional discovery before filing a response.

Finally, because Hardtke's motion to compel is granted in part, I will deny JLG's request for reimbursement of fees and costs incurred in responding to the motion.

ORDER

IT IS ORDERED that:

(1) Plaintiff John Hardtke's motion to compel discovery, dkt. 13, is GRANTED IN PART and DENIED IN PART. Defendant must provide complete responses to plaintiff's discovery demands as directed by this order not later than **June 17, 2016**.

(2) The preliminary pretrial conference order, dkt. 9, is amended as follows: Plaintiff's deadline for disclosing experts is **July 15, 2016**, and defendant's deadline for disclosing responsive experts is **September 16, 2016**.

Entered this 10th day of June, 2016.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge